# DECISIONS

## OF THE

# Court of Appeals of Kentucky

## APRIL TERM, 1912

### Matney, et al. v. Charles.

(Decided April 23, 1912.)

Appeal from Pike Circuit Court.

Land—Action to Enjoin Others from Obtaining Patents—Plea of Ownership.—In an action seeking to enjoin appellants from taking steps to obtain patents for certain lands, and asking to be adjudged the owner thereof, held that the burden of proof was upon the plaintiff to show title in himself, and having failed to do so it was error for the chancellor to adjudge that he was entitled to the relief sought.

CHILDERS & CHILDERS for appellants.

BUTLER & MOORE and J. M. ROBERSON for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

Green Charles brought a suit in the Pike Circuit Court in which he sought to enjoin Henry Matney and others from taking steps to obtain patents for certain tracts of land lying within a boundary of land claimed by him; and in the same suit he asked that he be adjudged the owner of nine-tenths of the land described in his pleading, which he obtained by purchase from the heirs-at-law of Alexander Matney, deceased. The petition recites that the said Matney died the owner of the real estate described therein and left surviving him ten children; that he bought the interests of nine of said children in said land, leaving that of Henry Matney unpurchased; that the said Henry Matney and Maggie Matney, the wife of Alexander Matney, Jr., with the aid

Vol. 148—1

of the surveyor of Pike county, had surveyed four certain boundaries of land lying within the exterior boundary lines of the land claimed by; him, and were proceeding to acquire patents therefor from the Commonwealth of Kentucky, upon the theory that said lands were vacant lands. He alleged that the said Maggie Matney and her husband, Alexander Matney, were his tenants, and; that by reason of their said tenancy they were estopped from asserting claim to the land in question; that Henry Matney was a joint tenant with him in the ownership thereof, and that any benefits which might accrue to him by reason of his acquiring patents for the land lying within the boundary claimed by him would inure to the benefit of them jointly in the ratio or proportion which the claim of each bore to the entire tract.

The defendants answered, denying title in plaintiff to any of said land which they sought to have patented, and alleged that same was vacant and unoccupied; denied that Maggie Matney was estopped from seeking to acquire the tract which she had caused to be surveyed and taken steps to have patented; and denied that the plaintiff would have any interest in any of the vacant land which the said Henry Matney had caused to be surveyed and was seeking to obtain a patent for.

Upon these issues the case was prepared for trial and the chancellor, upon consideration, held that plaintiff was entitled to the relief sought, and so adjudged. The defendants appeal.

Two questions were raised: First, whether or not the land which the defendants sought to have patented belonged to Alexander Matney, deceased; and second, if so, whether or not it was conveyed by his heirs to plaintiff.

The chancellor treated the land sought to be patented as though covered by appellee's deed and as, in fact, a part of the landed estate of Alexander Matney, deceased, for he adjudged that, in the ownership thereof, appellee and appellant, Henry Matney, were joint tenants, and that any act on the part of Henry Matney looking toward perfecting the title to said land, by procuring a patent for portions thereof which were not covered by deeds or patents held by Alexander Matney, deceased, inured to the benefit of appellee and appellant, Henry Matney, in proportion to their respective holdings. He further held that, as to Maggie Matney, as her

husband was a tenant of appellee, she was estopped from asserting any claim to any portion of the land lying within the exterior boundary lines of appellee's deed. If the land sought to be patented by appellants was in fact the property of Alexander Matney, Sr., and had been conveyed by his heirs to appellee, the conclusion reached by the chancellor would be correct, but appellee has utterly failed to show either that the property sought to be patented belonged to Alexander Matney, Sr., or that it was conveyed to appellee by those heirs of Alexander Matney whom he has bought out. No title papers appear in the record. The descriptions as given of this property by the witnesses who testified are insufficient to enable us to determine whether the land sought to be patented is covered by appellee's deed. It is not shown by any evidence at all that Alexander Matney, Sr., had any paper title whatever to the land in controversy, or that he held it adversely for any length of time, claiming it as his own. Presumably he had no title papers thereto, else they would have been filed and title asserted thereunder. Appellee not only failed to show title in Alexander Matney, Sr., but two of his children testify positively that during the life of their father these tracts of land now sought to be patented were recognized as vacant land. There is no evidence whatever that he ever claimed them or asserted title thereto, and in the absence of proof that Alexander Matney, Sr., held a good and sufficient paper title to said land, or that he had held it adversely for more than fifteen years, appellee's claim of title and ownership thereto must fail, for he claims to have bought from the heirs of Alexander Matney, Sr., only their interest in such lands as their father owned. If these lands, sought to be patented, were not in fact owned by Alexander Matney, Sr., then appellee is in no position to complain because appellants caused said land to be surveyed and sought to procure patents therefor. But the burden was upon appellee to show title in himself to the land in question and, having failed to do so, the chancellor should have found in favor of appellants, and dismissed appellee's petition.

Judgment reversed and cause remanded, with instructions so to do.